UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
SURAJUDEEN AJISHAFE,

                  Plaintiff,

              -against-

THE CITY OF NEW YORK,
PATRICK RICHARDS,
and JOHN and JANE DOES,

                  Defendants.
-----------------------------------------------------------------X

**12-CIV 0410**

COMPLAINT

**JURY TRIAL DEMANDED**

**ECF Case**

## PRELIMINARY STATEMENT

1. This is a civil rights action in which the plaintiff seeks relief for the defendants' violation of rights secured by the Civil Rights Act of 1871, 42 U.S.C. Section 1983, and by the United States Constitution, including its Fourth and Fourteenth Amendments. The plaintiff seeks damages, both compensatory and punitive, affirmative and equitable relief, an award of costs and attorneys' fees, and such other and further relief as this court deems equitable and just.

## JURISDICTION

2. This action is brought pursuant to the Constitution of the United States, including its Fourth and Fourteenth Amendments, and pursuant to 42 U.S.C. § 1983. Jurisdiction is conferred upon this court by 42 U.S.C. § 1983, and 28 U.S.C. §§ 1331 and 1343(a)(3) and (4), this being an action seeking redress for the violation of the plaintiff's constitutional and civil rights.

## JURY TRIAL DEMANDED

3. Plaintiff demands a trial by jury on each and every one of the claims pleaded

herein.

## VENUE

4.      Venue is proper for the United States District Court for the Southern District of New York pursuant to 28 U.S.C. § 1391 (a), (b) and (c).

## PARTIES

5.      Plaintiff SURAJUDEEN AJISHAFE is a resident of the City and State of New York.

6.      Defendant THE CITY OF NEW YORK is and was at all times relevant herein a municipal entity created and authorized under the laws of the State of New York. It is authorized by law to maintain a police department which acts as its agent in the area of law enforcement and for which it is ultimately responsible. Defendant THE CITY OF NEW YORK assumes the risks incidental to the maintenance of a police force and the employment of police officers as said risk attaches to the public consumers of the services provided by them.

7.      Defendants RICHARDS and DOES are and were at all times relevant herein duly appointed and acting officers, servants, employees and agents of THE CITY OF NEW YORK and/or the New York City Police Department, a municipal agency of defendant THE CITY OF NEW YORK. The aforenamed defendants are and were at all times relevant herein acting under color of state law in the course and scope of their duties and functions as officers, agents, servants, and employees of defendant THE CITY OF NEW YORK, were acting for, and on behalf of, and with the power and authority vested in them by THE CITY OF NEW YORK, and were otherwise performing and engaging in conduct incidental to the performance of their lawful functions in the course of their duties. The aforenamed defendants are sued in their individual

capacities.

## STATEMENT OF RELEVANT FACTS

8.  On January 7, 2010, at or about 8:00 p.m., plaintiff AJISHAFE was inside a basement apartment at 282 East 95th Street, Brooklyn, New York. Plaintiff and some friends were playing a board game when defendants RICHARDS and DOES entered the premises.

9.  Defendants RICHARDS and DOES assaulted and arrested plaintiff, and charged plaintiff with possession of marijuana. Plaintiff did not possess marijuana or resist arrest.

10. During arrest processing, plaintiff was strip searched.

11. Plaintiff was prosecuted upon a criminal court accusatory instrument signed by defendant RICHARDS.

12. All charges were subsequently dismissed.

13. At the time of his arrest, plaintiff was employed as a security guard. Because of his arrest, plaintiff was discharged from his employment, until reinstated more than eight months later.

## FIRST CLAIM

### DEPRIVATION OF RIGHTS UNDER THE UNITED STATES CONSTITUTION AND 42 U.S.C. §1983

14. The plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

15. By their conduct and actions in falsely arresting and maliciously prosecuting plaintiff AJISHAFE, by fabricating evidence against plaintiff, by using excessive force against plaintiff, and by failing to intercede to prevent the complained of conduct, defendants

3

RICHARDS and DOES, acting under color of law and without lawful justification, intentionally, and/or with a deliberate indifference to or a reckless disregard for the natural and probable consequences of their acts, caused injury and damage in violation of plaintiff's constitutional rights as guaranteed under 42 U.S.C. § 1983 and the United States Constitution, including its Fourth and Fourteenth Amendments.

16. As a result of the foregoing, plaintiff was deprived of liberty, suffered emotional distress, physical injury, humiliation, lost income, costs and expenses, and was otherwise damaged and injured.

## SECOND CLAIM

### LIABILITY OF THE CITY OF NEW YORK FOR CONSTITUTIONAL VIOLATIONS

17. The plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

18. At all times material to this complaint, defendant THE CITY OF NEW YORK had de facto policies, practices, customs and usages which were a direct and proximate cause of the unconstitutional conduct alleged herein.

19. At all times material to this complaint, defendant THE CITY OF NEW YORK failed to properly train, screen, supervise, or discipline employees and police officers, and failed to inform the individual defendants' supervisors of their need to train, screen, supervise or discipline defendants RICHARDS and DOES.

20. The policies, practices, customs, and usages, and the failure to properly train, screen, supervise, or discipline, were a direct and proximate cause of the unconstitutional

conduct alleged herein, causing injury and damage in violation of plaintiff's constitutional rights as guaranteed under 42 U.S.C. § 1983 and the United States Constitution, including its Fourth and Fourteenth Amendments.

21. As a result of the foregoing, plaintiff was deprived of liberty, suffered emotional distress, physical injury, humiliation, lost income, costs and expenses, and was otherwise damaged and injured.

**WHEREFORE**, plaintiff demands the following relief jointly and severally against all of the defendants:

    a. Compensatory damages;

    b. Punitive damages;

    c. The convening and empaneling of a jury to consider the merits of the claims herein;

    d. Pre- and post-judgment costs, interest and attorneys' fees;

    e. Such other and further relief as this court may deem appropriate and equitable.

Dated:    New York, New York
           January 17, 2012

_____
MICHAEL L. SPIEGEL, Esq.
111 Broadway, Suite 1305
New York, New York 10006
(212) 587-8558

*Attorney for Plaintiff*